NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 24 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JORGE ARMIN PASQUETT FONSECA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-2439 <br><br> Agency No. <br> A200-087-184 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2024[**]
Portland, Oregon

Before: HAMILTON, VANDYKE, and H.A. THOMAS, Circuit Judges.[***]

Jorge Armin Pasquett Fonseca is a citizen of Mexico. He petitions for review

of a decision of the Board of Immigration Appeals ("BIA") affirming an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David F. Hamilton, United States Circuit Judge for the Court of Appeals, 7th Circuit, sitting by designation.

Immigration Judge's ("IJ") decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

"When the BIA reviews the IJ's decision de novo, 'our review is limited to the BIA's decision except to the extent that the IJ's opinion is expressly adopted.'" *Park v. Garland*, 72 F.4th 965, 974 (9th Cir. 2023) (quoting *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021)). "We review purely legal questions de novo, and the agency's factual findings for substantial evidence." *Perez-Portillo v. Garland*, 56 F.4th 788, 792 (9th Cir. 2022). Under this "highly deferential" standard, the agency's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Salguero Sosa v. Garland*, 55 F.4th 1213, 1217–18 (9th Cir. 2022) (quoting *Nasrallah v. Barr*, 590 U.S. 573, 584 (2020)); 8 U.S.C. § 1252(b)(4)(B).

1. Pasquett Fonseca has not challenged the IJ's finding that he failed to establish an exception that would toll the one-year filing deadline for his asylum application. 8 U.S.C. § 1158(a)(2)(B). Where, as here, the government has raised a petitioner's failure to comply with the statutory exhaustion requirement, *see* 8 U.S.C. § 1252(d)(1), we may not review unexhausted arguments. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 416–21 (2023) (holding that § 1252(d)(1) is a non-jurisdictional, mandatory claim-processing rule that is subject to waiver and

forfeiture); *Fort Bend County v. Davis*, 587 U.S. 541, 549 (2019) ("A claim-processing rule may be 'mandatory' in the sense that a court must enforce the rule if a party properly raises it." (cleaned up)). Pasquett Fonseca also forfeited the issue when he did not raise it before this court. *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022).

2. Because Pasquett Fonseca never articulated his political opinion before the IJ, the BIA did not err in declining to address the issue. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (per curiam) (holding that the BIA did not err in declining to consider an argument raised for the first time on appeal).

3. The agency did not err in finding Pasquett Fonseca ineligible for withholding of removal because his proposed particular social group of "returning Mexicans perceived as being wealthy and having knowledge of customs and processes" is not cognizable. Pasquett Fonseca's argument to the contrary is foreclosed by our precedents. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) ("[W]e hold that the proposed group of 'imputed wealthy Americans' is not a discrete class of persons recognized by society as a particular social group."); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (per curiam) (holding that "returning Mexicans from the United States" is not a cognizable particular social group).

4. Substantial evidence supports the agency's denial of Pasquett Fonseca's claim for CAT relief. Pasquett Fonseca argues that the Mexican government is unable and unwilling to control corrupt officials and organized criminal groups. But "a general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence." *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016). And Pasquett Fonseca does not offer any evidence to establish a particularized risk of harm to him. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021) ("[A] speculative fear of torture is insufficient to satisfy the 'more likely than not' standard."); *Delgado-Ortiz*, 600 F.3d at 1152 (finding "generalized evidence of violence and crime in Mexico is not particular to [a petitioner] and is insufficient" to support a CAT claim).

**PETITION DENIED.**